Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000389
30-MAY-2013
09:24 AM

NO. CAAP-12-0000389

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LEONARDO L. FRANCISCO, Claimant-Appellant,
v.
MARRIOTT HOTEL SERVICES, INC.
dba: WAIKOLOA BEACH MARRIOTT, Employer-Appellee,
and
MARRIOTT CLAIMS SERVICES, Insurance Carrier-Appellee
and
SPECIAL COMPENSATION FUND, Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-500(WH) (9-06-00349))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Reifurth, JJ.)

In this workers compensation case, Claimant-Appellant Leonardo L. Francisco (Francisco) appeals from the "Decision and Order" filed on January 31, 2012, by the Labor and Industrial Relations Appeals Board (LIRAB) and the LIRAB's "Order Denying [Francisco's] Motion for Reconsideration" filed on March 15, 2012. The LIRAB determined in relevant part that Francisco was "not permanently and totally disabled, either on a medical basis or on an odd-lot basis," and that he sustained an "8% permanent partial disability of the whole person" as a result of his work accident.

On appeal, Francisco argues that the LIRAB erred: (1) when if found in its Finding of Fact 36 that "[n]o physician has credibly verified that [Francisco] is unable to return to any

gainful employment"; and (2) when it concluded in its Conclusion of Law 3 that "[Francisco] did not sustain permanent total disability as a result of the March 6, 2006 work injury" and that "[Francisco] is not permanently and totally disabled, either on a medical basis or on an odd-lot basis." Francisco alternatively argues that if he is not permanently totally disabled, then the LIRAB erred when it concluded in its Conclusion of Law 4 that "the extent of permanent partial disability as a result of the March 6, 2006 work injury is 8% permanent partial disability of the whole person for [Francisco's] low back condition." In his alternative argument, Francisco contends that his permanent partial disability should be rated at 23%, rather than 8%, of the whole person.

As explained below, we affirm the LIRAB's Decision and Order and its "Order Denying [Francisco's] Motion for Reconsideration."

I.

Francisco was employed by Marriott Hotel Services, Inc. dba: Waikoloa Beach Marriott (Marriott) as a steward. His job duties involved washing dishes, pots, and pans, and throwing away rubbish. On March 6, 2006, Francisco sustained a work injury to his low back while pushing a cart of trash up a concrete ramp. Francisco sought treatment from his physician, Dr. Patrick Siu, who diagnosed Francisco's condition as a low back strain and initially anticipated treatment for one to two months.

In a report dated July 18, 2006, Dr. Deborah A. Agles, an occupational medicine physician who conducted an independent medical examination of Francisco at Marriott's request, determined that Francisco could return to work full-time on a light-duty basis. Dr. Sui also determined that Francisco could return to full-time light-duty work as of July 31, 2006, with no lifting over twenty pounds and no prolonged standing. Marriott planned to have Francisco preform the light-duty tasks of folding napkins and polishing silverware, plates, bowls, and serving items. When Francisco returned to work, he was given the task of

2

polishing platters and punchbowls that weighted less than twenty pounds and had been placed on a table. He was provided with a chair, so he could either sit or stand. After working less than two hours, Francisco complained of pain and was allowed to go home. He did not thereafter return to work. Miles Togikawa, Francisco's supervisor, testified that light-duty work would always have been available to Francisco if he had come back to work.

Francisco was sixty years old on the day he sustained his work injury. Francisco had immigrated to Hawai'i from the Philippines in 1984 and had only attended school through the third grade.

II.

We resolve the arguments raised by Francisco on appeal as follows:

A.

We conclude that the LIRAB did not err in finding that "[n]o physician has credibly verified that [Francisco] is unable to return to any gainful employment." Francisco argues that Dr. Julia D. Crawford, one of his treating physicians, "credibly verified that [Francisco] was unable to return to gainful employment as a result of his work injury." However, Marriott presented the opinions of physicians and other evidence that conflicted with Dr. Crawford's opinion, and the LIRAB specifically found that it "does not credit Dr. Crawford's unsubstantiated statement that [Francisco] was anticipated to never return to work."

"[W]e give deference to the LIRAB's assessment of the credibility of witnesses and the weight the LIRAB gives to the evidence." Moi v. State, Dept. of Public Safety, 118 Hawai'i 239, 242, 188 P.3d 753, 756 (App. 2008).

> It is well established that courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the findings of an expert agency dealing with a specialized field.

Nakamura v. State, 98 Hawai'i 263, 268, 47 P.3d 730, 735 (2002) (format altered) (quoting Igawa v. Koa House Restaurant, 97 Hawaii 402, 409-410, 38 P.3d 570, 577-578 (2001). We decline to overturn the LIRAB's determination of the credibility of, and the weight to give to, Dr. Crawford's opinion on the issue of Francisco's ability to return to gainful employment.

B.

Francisco argues that the LIRAB erred in concluding that he did not sustain permanent total disability as the result of his March 6, 2006, work injury. Specifically, Francisco contends that the LIRAB erred in concluding that he did not sustain permanent total disability on an odd-lot basis. We disagree.

Under the odd-lot doctrine, "where an employee receives a work-related permanent partial disability which combined with other factors such as age, education, experience, etc., renders him, in fact, unable to obtain employment, he is entitled to be treated as being permanently totally disabled." Tsuchiyama v. Kahului Trucking and Storage, Inc., 2 Haw. App. 659, 660-61, 638 P.2d 1381, 1382 (1982). The employee bears the burden of establishing a prima facie case that he or she falls within the odd-lot category. Id. at 661, 638 P.2d at 1382. The burden then shifts to the employer "to show that some kind of suitable work is regularly and continuously available to the claimant." Yarnell v. City Roofing Inc., 72 Haw. 272, 275, 813 P.2d 1386, 1388 (1991) (block quote format and citation omitted).

Even assuming that Francisco met his burden of establishing a prima facie case that he fell within the odd-lot category, the LIRAB's findings establish that Marriott met its burden of showing the availability of suitable work for Francisco. The LIRAB found that although light-duty "work folding napkins and polishing silver was available to [Francisco] on a permanent basis," he "declined to avail himself of the opportunity." The LIRAB also rejected Francisco's claim that he was unable to perform this light-duty work because sitting hurt

4

his back.  The LIRAB rejected Francisco's claim based on its findings that Francisco had been able to travel to the Philippines, that he could sit long periods of time while watching television and carving 'opihi shells, and that the work offered was within Francisco's light-duty restrictions.  We conclude that there was substantial evidence to support the LIRAB's findings and that based on these findings, the LIRAB did not err in concluding that Francisco was not permanently totally disabled on an odd-lot basis.

C.

In the alternative, Francisco argues that if he is not permanently totally disabled, then the LIRAB erred in concluding that the extent of his permanent partial disability from his work injury was only 8% of the whole person.  Francisco contends that his permanent partial disability should instead be rated at 23%, of the whole person.  We disagree with Francisco's claim that the LIRAB erred.

On the issue of permanent partial disability, the LIRAB affirmed the decision of the Director of the Department of Labor and Industrial Relations (Director).  The Director had credited the opinions of Dr. Agles and Dr. Peter B. Lum that Francisco had suffered a 5% permanent partial disability of the whole person as the result of the work injury to his lumbar spine.  The Director further found that Francisco was "entitled to an additional 3% for his subjective residual complaints for a total of 8% [permanent partial disability] of the low back."  The LIRAB likewise found that Francisco had sustained an 8% permanent partial disability of the whole person as the result of his work accident.

On appeal, Francisco contends that he should be awarded permanent partial disability of 23%.  He arrives at this number by combining Dr. Robert Sloan's opinion that Francisco suffered a work-related permanent partial disability of 20% of the whole person with the additional 3% awarded by the Director based on Francisco's "subjective residual complaints."

The crux of Francisco's argument on appeal is that in the face of conflicting medical opinions, the LIRAB erred in accepting the opinions of Dr. Agles and Dr. Lum instead of the opinion of Dr. Sloan. However, as noted above, we give deference to the LIRAB's evaluation of the credibility and weight of the evidence. Moi, 118 Hawai'i at 242, 188 P.3d at 756; Nakamura, 98 Hawai'i at 268, 47 P.3d at 735. We conclude that the LIRAB did not err in determining that Francisco sustained an 8% permanent partial disability of the whole person as a result of his work accident.

III.

For the foregoing reasons, we affirm the LIRAB's "Decision and Order" filed on January 31, 2012, and its "Order Denying [Francisco's] Motion for Reconsideration" filed on March 15, 2012.

DATED: Honolulu, Hawai'i, May 30, 2013.

On the briefs:

Alex M. Sonson
for Claimant-Appellant

Robert A. Chong
J. Thomas Weber
(Ayabe, Chong, Nishimoto,
    Sia & Nakamura)
for Employer-Appellee and
Insurance Carrier-Appellee

Frances E.H. Lum
Nelson T. Higa
Staci I. Teruya
Deputy Attorneys General
State of Hawaii
for Appellee-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge

6